APPEAL, CLOSED2011, R16MLD

# U.S. District Court
## Southern District of Alabama (Mobile)
## CIVIL DOCKET FOR CASE #: 1:11–cv–00373–KD–M

Rigby v. FIA Card Services, N.A.
Assigned to: Judge Kristi K. DuBose
Referred to: Magistrate Judge Bert W. Milling, Jr
Cause: 15:1681 Fair Credit Reporting Act

Date Filed: 07/11/2011
Date Terminated: 12/21/2011
Jury Demand: Plaintiff
Nature of Suit: 480 Consumer Credit
Jurisdiction: Federal Question

**Plaintiff**

**James G. Rigby**                                    represented by   **Kenneth J. Riemer**
P. O. Box 1206
Mobile, AL 36633
(251) 432–9212
Fax: (251) 433–7172
Email: kriemer01@gmail.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

V.

**Defendant**

**FIA Card Services, N.A.**                           represented by   **John David Collins**
*d/b/a Bank of America*                                               Maynard, Cooper, and Gale, P.C.
1901 6th Ave. N., Ste. 2400
Birmingham, AL 35203
205–254–1000
Email: jcollins@maynardcooper.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Angie H. Zimmern**
201 N Tryon St.
Charlotte, NC 28202
704–343–2163
Email: azimmern@mcguirewoods.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status:*

**Kathleen H. Dooley**
201 N. Tryon Street
Charlotte, NC 28202
704–343–2347
Email: kdooley@mcguirewoods.com
*PRO HAC VICE*

*ATTORNEY TO BE NOTICED*
*Bar Status:*

Email All Attorneys
Email All Attorneys and Additional Recipients

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 07/12/2011 | 1 | | COMPLAINT against All Plaintiffs, filed by James G. Rigby. (Riemer, Kenneth) (Additional attachment(s) added on 7/13/2011: # 1 Civil Cover Sheet) (cmj). (Entered: 07/12/2011) |
| 07/12/2011 | 2 | | NOTICE of Filing Proposed Summons by James G. Rigby *to FIA Card Services, N.A. d/b/a Bank of America* (Riemer, Kenneth) (Entered: 07/12/2011) |
| 07/13/2011 | 3 | | Summons Issued as to FIA Card Services, N.A... Note to Counsel: The Summons have been issued. Please print copies necessary for service. (cmj) (Entered: 07/13/2011) |
| 07/28/2011 | 4 | | CERTIFICATE OF SERVICE by James G. Rigby re 3 Summons Issued *to FIA Card Services, N.A. d/b/a Bank of America on July 13, 2011* (Riemer, Kenneth) (Entered: 07/28/2011) |
| 08/08/2011 | 5 | | Unopposed MOTION for Extension of Time to File Answer *to Complaint* by FIA Card Services, N.A.. (Collins, John) (Entered: 08/08/2011) |
| 08/09/2011 | 6 | | ENDORSED ORDER granting 5 Motion for Extension of Time to Answer; Answer due from FIA Card Services, N.A. on 8/23/2011. Signed by Judge Kristi K. DuBose on 8/9/2011. (gcp) (Entered: 08/09/2011) |
| 08/23/2011 | 7 | | Corporate Disclosure Statement filed by Defendant FIA Card Services, N.A.. (Collins, John) (Entered: 08/23/2011) |
| 08/23/2011 | 8 | | MOTION to Dismiss *Plaintiff's Complaint* by FIA Card Services, N.A.. (Collins, John) (Entered: 08/23/2011) |
| 08/23/2011 | 9 | | Brief filed by FIA Card Services, N.A. re 8 MOTION to Dismiss *Plaintiff's Complaint*. (Collins, John) (Entered: 08/23/2011) |
| 08/24/2011 | 10 | | Document endorsed NOTED by Magistrate Judge Bert W. Milling, Jr: Corporate Disclosure Statement 7 filed by FIA Card Services, N.A. (Milling, Bert) (Entered: 08/24/2011) |
| 08/24/2011 | 11 | | Document endorsed NOTED by Judge Kristi K. DuBose: Corporate Disclosure Statement 7 filed by FIA Card Services, N.A. A review of the corporate disclosure statement pursuant to Local Rule 3.4 has been completed. The review did not reveal any reason to believe that there are potential conflicts of interest which would require disqualification or recusal in this action. (gcp) (Entered: 08/24/2011) |
| 08/24/2011 | 12 | | Order Setting Motion Deadline re: 8 MOTION to Dismiss *Plaintiff's Complaint* filed by FIA Card Services, N.A. Responses due by 9/13/2011 Replies due by 9/20/2011. Motion to be taken under submission on 9/21/2011.. Signed by Magistrate Judge Bert W. Milling, Jr on 8/24/2011. (cmj) (Entered: 08/24/2011) |
| 09/13/2011 | 13 | | Unopposed MOTION for Extension of Time by James G. Rigby. (Riemer, |

| | | | |
|---|---|---|---|
| | | | Kenneth) (Entered: 09/13/2011) |
| 09/13/2011 | 14 | | ENDORSED ORDER granting 13 Motion for Extension of Time. The time for response is extended to 9/19/2011; replies, if any, are due by 9/26/2011. Signed by Magistrate Judge Bert W. Milling, Jr on 9/13/2011. (Milling, Bert) (Entered: 09/13/2011) |
| 09/20/2011 | 15 | | Order Setting Motion Deadlines re: 8 MOTION to Dismiss – Responses due by 9/20/2011 &Replies due by 9/27/2011. Motion to be taken under submission on 9/28/2011. Signed by Magistrate Judge Bert W. Milling, Jr on 9/20/2011. Copies to parties. (mpp) (Entered: 09/20/2011) |
| 09/20/2011 | 16 | | RESPONSE to Motion re: 8 MOTION to Dismiss *Plaintiff's Complaint to FIA Card Services, N.A. d/b/a Bank of America* filed by James G. Rigby. (Riemer, Kenneth) (Entered: 09/20/2011) |
| 09/23/2011 | 17 | | Unopposed MOTION for Extension of Time to File Response/Reply *In Support of Motion to Dismiss* by FIA Card Services, N.A.. (Collins, John) (Entered: 09/23/2011) |
| 09/23/2011 | 18 | | ENDORSED ORDER granting 17 Motion for Extension of Time to File Response/Reply. The time is extended to 10/4/2011. Signed by Magistrate Judge Bert W. Milling, Jr on 9/23/2011. (Milling, Bert) (Entered: 09/23/2011) |
| 10/04/2011 | 19 | | MOTION for Kathleen H. Dooley to Appear Pro Hac Vice ( Filing fee $ 50, Receipt number 1128–1158501, Online Credit Card Payment.) by FIA Card Services, N.A.. (Dooley, Kathleen) (Entered: 10/04/2011) |
| 10/04/2011 | 20 | | MOTION for Angela H. Zimmern to Appear Pro Hac Vice ( Filing fee $ 50, Receipt number 1128–1158512, Online Credit Card Payment.) by FIA Card Services, N.A.. (Dooley, Kathleen) (Entered: 10/04/2011) |
| 10/04/2011 | 21 | | REPLY to Response to Motion 8 *to Dismiss Plaintiff's Complaint* filed by FIA Card Services, N.A.. (Attachments: # 1 Exhibit A, # 2 Exhibit B) (Collins, John) (Entered: 10/04/2011) |
| 10/05/2011 | 22 | | ENDORSED ORDER GRANTING 20 Motion Angela H. Zimmern to Appear Pro Hac Vice. Signed by Magistrate Judge Bert W. Milling, Jr on 10/5/2011. (clr) (Entered: 10/05/2011) |
| 10/05/2011 | 23 | | Consent MOTION for Leave to File Excess Pages by FIA Card Services, N.A.. (Collins, John) (Entered: 10/05/2011) |
| 10/05/2011 | 24 | | Amended MOTION for Kathleen H. Dooley to Appear Pro Hac Vice by FIA Card Services, N.A.. (Collins, John) (Entered: 10/05/2011) |
| 10/05/2011 | 25 | | ENDORSED ORDER granting 23 Motion for Leave to File Excess Pages in this instance only. Signed by Magistrate Judge Bert W. Milling, Jr on 10/5/2011. (Milling, Bert) (Entered: 10/05/2011) |
| 10/06/2011 | 26 | | ENDORSED ORDER GRANTING 24 Amended Motion for Kathleen H. Dooley to Appear Pro Hac Vice. Signed by Magistrate Judge Bert W. Milling, Jr on 10/6/2011. (clr) (Entered: 10/06/2011) |
| 10/31/2011 | 27 | | PRELIMINARY SCHEDULING ORDER entered Rule 26 Meeting Report due by 12/15/2011.. Signed by Magistrate Judge Bert W. Milling, Jr on 10/31/2011. |

| | | | |
|---|---|---|---|
| | | | (cmj) (Entered: 10/31/2011) |
| 11/15/2011 | 28 | | Joint MOTION to Stay *Discovery and All Rule 26 Deadlines Pending Court's Ruling on Motion to Dismiss* by All Parties. (Collins, John) (Entered: 11/15/2011) |
| 11/16/2011 | 29 | | ENDORSED ORDER granting 28 the Joint Motion to Stay for the reasons set out in the joint motion. The preliminary scheduling order is RESCINDED and a new one will be entered, if necessary, once the Court has ruled on the pending motion to dismiss. Signed by Magistrate Judge Bert W. Milling, Jr on 11/16/2011. (Milling, Bert) (Entered: 11/16/2011) |
| 11/21/2011 | 30 | 5 | REPORT AND RECOMMENDATIONS re 8 MOTION to Dismiss *Plaintiff's Complaint* filed by FIA Card Services, N.A., recommending this motion to granted, as set out. Objections to RRdue by 12/5/2011. Signed by Magistrate Judge Bert W. Milling, Jr on 11/21/2011. (cmj) (Entered: 11/21/2011) |
| 12/05/2011 | 31 | 20 | Objection re: 30 REPORT AND RECOMMENDATIONS re 8 MOTION to Dismiss *Plaintiff's Complaint* filed by FIA Card Services, N.A.REPORT AND RECOMMENDATIONS re 8 MOTION to Dismiss *Plaintiff's Complaint* filed by FIA Card Services, N.A.. (Riemer, Kenneth) (Entered: 12/05/2011) |
| 12/21/2011 | 32 | 22 | ORDER ADOPTING 30 REPORT AND RECOMMENDATIONS re 8 MOTION to Dismiss *Plaintiff's Complaint* filed by FIA Card Services, N.A. Count I is dismissed with prejudice since there is no billing error and therefore noviolation of the FCBA; although Plaintiff voluntarily dismisses Count II without prejudice in hisResponse, Count II is dismissed with prejudice; Counts III and IV are dismissed with prejudicesince Plaintiff fails to state a claim upon which relief may be granted. Signed by Judge Kristi K. DuBose on 12/21/2011. (cmj) (Entered: 12/21/2011) |
| 12/21/2011 | 33 | 23 | JUDGMENT entered in favor of Defendant FIA Card Services NA d/b/a Bank of America. Signed by Judge Kristi K. DuBose on 12/21/2011. (cmj) (Entered: 12/21/2011) |
| 01/03/2012 | 34 | 24 | NOTICE OF APPEAL as to 33 Judgment by James G. Rigby. ( Filing fee $455 receipt number 1128−1199747, Online Credit Card Payment.) (Riemer, Kenneth) (Entered: 01/03/2012) |
| 01/04/2012 | 35 | | Appeal Instructions for Kenneth Riemer, Esq. re: 34 Notice of Appeal : The Civil Appeal Statement Form is available on the Internet at www.ca11.uscourts.gov. Transcript Information Form to be filed no later than 1/16/2012. (jal) (Entered: 01/04/2012) |

```
               IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF ALABAMA
                        SOUTHERN DIVISION


JAMES G. RIGBY,
                                 :
      Plaintiff,
                                 :
vs.                                CIVIL ACTION 11-0373-KD-M
                                 :
FIA CARD SERVICES, N.A. d/b/a
BANK OF AMERICA,                 :

      Defendant.                 :
```

                    REPORT AND RECOMMENDATION

      The Motion by Defendant FIA Card Services, N.A. ("Bank of
America") to Dismiss Plaintiff's Complaint and the accompanying
memorandum of law (Docs. 8, 9) has been referred for report and
recommendation under 28 U.S.C. § 636(b)(1)(B) and Local Rule
72.2.  Federal question jurisdiction has been invoked in this
Court under 28 U.S.C. §§ 1331.  After consideration, it is
recommended that the Motion to Dismiss be granted (Docs. 8, 9).

      The facts are, briefly, as follow.  Plaintiff states in his
Complaint that on May 1, 2010 he attended a sales presentation
for a travel club membership presented by Grand Design, an agent
for Outrigger Vacation Club (Doc. 1, p. 2).  At the
presentation, Grand Design told its audience that a member's
entire family and friends could use the membership and it was
transferable, that a vacation that would cost $8,000.00 would
only cost $5,000.00 with the membership, that members would

                                 1

receive four free condo rentals per year, the membership
benefits would apply in places "anywhere [one] wanted to go",
and that members would have access to a real travel agent to
conduct trip planning and that the only reason members would go
online was to check out the special deals (Doc. 1, pp. 3-4).
Plaintiff proceeded to purchase the membership on the same date
of the presentation by specifically signing a Retail Installment
Contract ("Contract") and agreeing to pay a lump sum payment of
$4,995.00 for the vacation club membership (Doc. 1, p. 2).
Plaintiff authorized this sum to be charged to his Bank of
America credit card (Doc. 1, p. 2).  The Contract itself
references a Membership Kit ("Kit") where additional
descriptions of the service would be housed (Doc. 21-2, p. 2)
and explains that the Contract itself does not include prior or
contemporaneous oral or written agreements or representations
upon which either party is relying (Doc. 21-1, p. 3).  Also,
below the signature line of the contract states the following:

> THIS TRANSACTION IS TAKING PLACE AT OUR MAIN OR
> PERMANENT BRANCH OFFICE OR LOCAL ADDRESS AND IS
> THEREFORE NOT SUBJECT TO CANCELLATION OR RESCISSION
> UNDER STATE OR FEDERAL LAW ONCE IT IS SIGNED OR
> RECEIVED BY BUYER.

(Doc. 21-1, p. 2).  Also, on the same date of May 1, 2010,
Plaintiff received the additional materials regarding the
membership, namely, the Kit, which included limitations
Plaintiff did not expect after the representations made at the

2

Grand Design presentation, such as the following: plaintiff would have to accompany family members or friends on trips for membership benefits to apply, the cost of an $8,000.00 trip would have to be paid up front and would be non-refundable, savings on a $8,000.00 trip would be sent after the trip, free condo rentals actually included a cleaning fee that was approximately equivalent to the cost of a condominium rental, travel locations were limited to a few areas on the Gulf Coast, and membership services were indeed provided in an online environment (Doc. 1, pp. 3-4).  After reviewing the limitations, Plaintiff "decided to cancel the membership after becoming aware of the fees and limitations associated with the benefits." (Doc. 1, p. 4).

On the next day, May 2, 2010, Plaintiff wrote and faxed a letter to Grand Design explaining his reasons for rescinding the membership, citing primarily to the limitations of the membership benefits as explained in the "Kit" (Doc. 1, pp. 4-5). Subsequently, Plaintiff was unable to receive a refund for the lump sum payment from Grand Design despite having cancelled the membership (Doc. 1, p. 5).  Plaintiff was unable to access the membership homepage to access any benefits from the membership after the cancellation request, and the inability to access the homepage was confirmed by Outrigger Vacation Club (Doc. 1, p. 5).  Next, Plaintiff contacted Defendant Bank of America on or

3

about May 28, 2010 to notify Defendant in writing that there was a dispute as to a charge on his account (Doc. 1, p. 5). Defendant initially removed the charges for the travel membership (Doc. 1, p. 5). However, Defendant reinstated the charges as of July 21, 2010 (Doc. 1, p. 5). After the charge was reinstated, Plaintiff wrote to Defendant again on August 3, 2010 regarding supplemental information for the travel membership charge (Doc. 1, p. 5). Defendant still did not remove the charges as Plaintiff requested and Plaintiff proceeded to file his Complaint on July 12, 2011 (*see* Doc. 1).

Plaintiff's Complaint alleges that Defendant failed to properly investigate and remove the charges for the cancelled travel membership in violation of the Fair Credit Billing Act ("FCBA")[1] and that Defendant was negligent and wanton in its investigative actions (Doc. 1). Also, Plaintiff requests declaratory relief (Doc. 1).

Defendant Bank of America filed its Motion to Dismiss and accompanying brief on August 23, 2011, arguing that Plaintiff's Complaint should be dismissed for failure to state a claim upon which relief can be granted for violation of the FCBA,

---

[1] The FCBA is enforced by the Truth in Lending Act ("TILA") 15 U.S.C. §§ 1601-1677, and implemented by Regulation Z, 12 C.F.R. §§ 226.1-226.36. *See Esquibal v. Chase Manhattan Bank, N.A.*, 487 F.Supp. 2d 818, 825 (S.D. Tex. 2007).

declaratory relief premised on 15 U.S.C. § 1666(i), negligence, and wantonness (Docs. 8, 9).  Namely, Defendant argues that: (1) there is no billing error to constitute an FCBA violation, (2) there are no grounds for declaratory relief since there was no TILA violation and, even if there had been a violation, the claim was made beyond the statute of limitations, and (3) there is no duty identified by Plaintiff to properly plead negligence and wantonness and, specifically, there is no common law duty to investigate disputed credit card charges (Doc. 9).

Plaintiff filed a Response arguing that there was indeed a billing error for the disputed charge and that Defendant failed "to conduct any reasonable investigation" and failed "to remove the disputed charge after receipt of information which demonstrated that Plaintiff had properly rescinded the agreement and/or had not received the benefits bargained for in connection with the charge in violation of the FCBA" (Doc. 16, pp. 6-8)(quotation and citation omitted).  In the Response, Plaintiff voluntarily dismissed Count II without prejudice (Doc. 16, p. 9).  Also, Plaintiff refutes Defendant's argument that banks do not have a general duty to investigate disputed charges arising from statutory law and that the suggestion that banks are never under a duty of ordinary and reasonable care is false (Doc. 16, p. 10).  Defendant filed its Reply arguing that Plaintiff stretches the meaning of "billing error" since Plaintiff

unreasonably claims that he "properly presented a dispute for
services not rendered when those services were cancelled at his
request-albeit without a refund." (Doc. 21, p. 2).  Defendant
also cited to the Contract and Plaintiff's rescission letter to
demonstrate that this dispute is not a "billing error" as
contemplated by the FCBA, but rather dissatisfaction with the
quality of the membership services (Doc. 21, pp. 5-7; Doc. 21-1;
Doc. 21-2).

   The Court notes, initially, that "[w]hen considering a
motion to dismiss, all facts set forth in the plaintiff's
complaint 'are to be accepted as true and the court limits its
consideration to the pleadings and exhibits attached thereto.'"
*Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir.
2000) (quoting *GSW, Inc. v. Long County*, 999 F.2d 1508, 1510
(11th Cir. 1993)). "However, when the plaintiff refers to
certain documents in the complaint and those documents are
central to the plaintiff's claim, the Court may consider the
documents part of the pleadings for purposes of Rule 12(b)(6)
dismissal and consideration of the documents will not require
conversion of the motion into a motion for summary judgment."
*Randles v. Singletary*, 2001 WL 1736881, *1 (M.D.Fla. Aug. 10,
2001); *see also Brooks v. Blue Cross and Blue Shield of Florida,
Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997).  In order to state a
claim for relief, the Federal Rules of Civil Procedure state

6

that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2).  It is noted, however, that a complaint may be dismissed, under Federal Rule of Civil Procedure 12(b)(6), "on the basis of a dispositive issue of law." *Executive 100, Inc. v. Martin County*, 922 F.2d 1536, 1539 (11th Cir. 1991) (citing *Neitzke v. Williams*, 490 U.S. 319 (1989)), cert. denied, 502 U.S. 810 (1991).

## A. Billing Error

The crux of Defendant's argument is that Plaintiff does not state a claim for a proper FCBA violation because there was, by definition, no billing error.  The FCBA provides that debtors may challenge potential billing errors on credit card statements by sending the creditor a written notice within sixty days of the challenged statement date which: (1) sets forth or enables the creditor to identify the name and account number of the obligor; (2) indicates the belief there is a billing error and the amount of that error; and (3) sets forth the obligor's reasons as to the belief that there is a billing error. 15 U.S.C. § 1666(a); *see also Esquibel v. Chase Manhattan Bank*, 487 F.Supp. 2d 818, 825 (S.D. Tex. 2007).   Once the obligor/debtor gives written notice to the creditor, the creditor must (A) within 30 days send written acknowledgment that it has received the notice; and (B) within 90 days or two complete billing

7

cycles, whichever is shorter, investigate that matter and (i)
make appropriate corrections or (ii) send a written explanation
as to why the original statement was correct. 15 U.S.C. §
1666(a).  Additionally, 15 U.S.C. § 1666(a) states:

> After complying with the provisions of this subsection
> with respect to an alleged billing error, a creditor
> has no further responsibility under this section if
> the obligor continues to make substantially the same
> allegation with respect to such error.

In order to state a claim under 15 U.S.C. § 1666, the
plaintiff must allege: (1) the existence of a billing error; (2)
plaintiff's timely notification of the billing error; and (3)
failure of the card issuer to comply with the procedural
requirements of 15 U.S.C. § 1666.  15 U.S.C. § 1666 (b) provides
that a "billing error" can be any of the following:

> (1) A reflection on a statement of an extension of
> credit which was not made to the obligor or, if made,
> was not in the amount reflected on such statement.
>
> (2) A reflection on a statement of an extension of
> credit for which the obligor requests additional
> clarification including documentary evidence thereof.
>
> (3) A reflection on a statement of goods or services
> not accepted by the obligor or his designee or not
> delivered to the obligor or his designee in accordance
> with the agreement made at the time of a transaction.
>
> (4) The creditor's failure to reflect properly on a
> statement a payment made by the obligor or a credit
> issued to the obligor.
>
> (5) A computational error or similar error of an
> accounting nature of the creditor on a statement.

(6) Failure to transmit the statement ... to the last address of the obligor which has been disclosed to the creditor, unless that address was furnished less than twenty days before the end of the billing cycle for which the statement is required.

(7) Any other error described in regulations of the Board.

An instructive case regarding billing errors for travel memberships is *Binder v. Bank of America Corp.*, where the plaintiffs claimed that the merchant did not deliver services "in accordance with the agreement made at the time of the transaction" and the charge on their credit card statement was a billing error. 2010 U.S. Dist. LEXIS 124208, * 12 (N.D. Tex. Nov. 22, 2010). More specifically, the *Binder* plaintiffs purchased a travel club membership for $5,593.00, and argued that the characteristic and real price of the travel club were misrepresented to them at the time of purchase, i.e. that the merchant operated a fraudulent scheme to sell worthless discount travel plans. *Id*. at *13. The plaintiffs attended a sales presentation and were told that the membership would allow them to get the lowest travel prices. *Id*. at *3. After the sales presentation, plaintiffs agreed to purchase the club membership and signed a retail installment contract for a loan for the purchase price of $5,593.00. *Id*. The contract provided that the plaintiffs would pay no interest and no finance charges, and monthly payments were to begin on that same date. *Id*. However,

9

plaintiffs did not make a payment up front, for they were to be issued a credit card by the defendant creditor where the cost for the travel membership would be charged. *Id*.  However, upon receipt of the credit card and the accompanying agreement, plaintiffs learned that they would have a zero percent interest rate only until May 2009, and the interest rate would increase to 14.99% thereafter. *Id*. at *4.  Immediately upon receipt of the accompanying agreement, the plaintiffs tried to cancel their travel membership with the merchant and contacted the defendant creditor to notify them that the characteristics and the real price of the vacation club had been falsely misrepresented to them at the time of purchase and disputed the merchant's charges. *Id*.  Ultimately, the defendant creditor refused to reverse the charges, and sought payment through a collection agency and reported the due amount to a credit reporting agency as bad debt. *Id*.

The *Binder* plaintiffs filed suit alleging they were directly harmed by defendant creditor's failure to conduct an adequate investigation and report of bad debt to the credit agency, and sought damages based on common law negligence and negligence per se based on violations of the FCBA. *Id*. at 4-5. The court in *Binder* found that the plaintiffs failed to properly allege a billing error even though plaintiffs argued that the characteristic and real price of the travel club was

10

misrepresented to them at the time of purchase. *Id*. at *12-13.
However, the plaintiffs in *Binder* did not dispute that they
received the travel club membership. *Id*. The *Binder* court found
as follows:

> While perhaps the Binders' allegations do not concern
> "quality" as one normally thinks of a physical good
> such as an automobile, the Court finds convincing
> [defendant]'s argument that misrepresentations
> concerning the "characteristics" of a travel club
> membership, including the representation that the loan
> would remain interest-free, are more properly
> construed as misrepresentations regarding the quality
> of the membership than as a billing error under the
> FCBA.

*Id*. at *13.

While Plaintiff in this case disputes whether he received
the travel club membership, or at least its benefits, in both
*Binder* and in this case, neither purchaser of the travel
membership accessed or used the benefits of the membership, but
rather upon receipt of additional materials chose to
rescind/cancel the membership since the terms of the actual
membership appeared to be different than those terms at the time
of signing the purchase contract.  Additionally, in this case
Plaintiff signed the contract which included language near the
signature line explaining that the Contract and the payment made
in connection thereto could not be cancelled (*see* Doc. 21-2).
Thus, there is no billing error as contemplated and defined by

the FCBA, and, therefore, Plaintiff fails to state a claim for violation of the FCBA.

## B. **Declaratory Judgment**

Plaintiff voluntarily dismissed his claim for declaratory judgment pursuant to 15 U.S.C. § 1666i without prejudice in his Response (Doc. 16, p. 9).  However, as pointed out by Defendant (Doc. 9, p. 7), the provisions in 15 U.S.C. § 1666i allow a "cardholder to assert certain claims or defenses from the underlying transaction in three circumstances: (1) as a justification for withholding payment, or (2) in any lawsuit filed by the issuer to collect on the account, or, if appropriate, (3) in connection with a lawsuit brought by the cardholder under Section 1640(e) for a violation of the TILA." *Beaumont v. Citibank N.A.*, 2002 U.S. Dist. LEXIS 5276, *15-16 (S.D.N.Y. Mar. 28, 2002).  Looking to the third and most applicable prong as articulated in *Beaumont*, since there is no billing error, in turn there is no violation of the FCBA or TILA articulated by Plaintiff in his Complaint, and this claim is due to be dismissed with prejudice.

## C. **Negligence and Wantonness**

Plaintiff claims that Defendant's actions taken in connection with plaintiff's credit card account constitute negligence and wantonness and that Defendant negligently and wantonly failed to properly investigate Plaintiff's dispute

12

(Doc. 1, p. 8).  Plaintiff's Response further explains that since Defendant "failed in its duty to reasonably investigate his dispute, the Complaint adequately states a claim for negligence and wantonness." (Doc. 16, p. 10).  However, Plaintiff fails to point to any specific law, statutory or otherwise, where a creditor owes a duty to investigate billing errors outside of the FCBA.  It appears that Plaintiff makes his negligence and wantonness claims in order to bolster his FCBA claim since the only facts articulated by Plaintiff in his Complaint is that Defendant failed to properly investigate his dispute (*see* Doc. 1).  Also, Plaintiff's Response in essence makes a negligence per se claim since the identified duty to investigate derives from statutory law.  In order to make a proper negligence per se claim, one element that must be satisfied is that the defendant must violate the statute at issue.  *See Brantley v. International Paper Co.*, 2009 WL 2601390, *4 (M.D. Ala. Aug. 21, 2009) citing *Dickinson v. Land Developers Constr. Co.*, 882 So.2d 291, 302 (Ala. 2003).  Since there is no violation of the FCBA, there is no proper negligence per se claim.  Plaintiff has not articulated any further facts besides Defendant's failure to properly investigate his billing error to support the negligence and wantonness claims and it does not appear that Defendant has any duty to do so outside of

13

the FCBA.  Therefore, Plaintiff's negligence and wantonness claims are also due to be dismissed.

In conclusion, for the reasons set out above, the Court finds that there is no billing error and no viable FCBA claim, and in turn no proper declaratory relief claim. Also, Plaintiff fails to make a proper claim for negligence and wantonness. Therefore, it is recommended that Defendant Bank of America's Motion to Dismiss be granted as follows: Count I is dismissed with prejudice since there is no billing error and therefore no violation of the FCBA; although Plaintiff voluntarily dismisses Count II without prejudice in his Response, Count II is dismissed **with** prejudice; Counts III and IV are dismissed with prejudice since Plaintiff fails to state a claim upon which relief may be granted (Docs. 8, 9).

The instructions which follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

DONE this 21st day of November, 2011.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE


MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.   Objection.  Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service

14

of this document, file specific written objections with the
clerk of court.  Failure to do so will bar a de novo
determination by the district judge of anything in the
recommendation and will bar an attack, on appeal, of the factual
findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(C);
Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v.
Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc).  The
procedure for challenging the findings and recommendations of
the magistrate judge is set out in more detail in SD ALA LR 72.4
(June 1, 1997), which provides that:

A party may object to a recommendation entered by a magistrate
judge in a dispositive matter, that is, a matter excepted by 28
U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to
Magistrate Judge's Recommendation" within fourteen days after
being served with a copy of the recommendation, unless a
different time is established by order.  The statement of
objection shall specify those portions of the recommendation to
which objection is made and the basis for the objection.  The
objection party shall submit to the district judge, at the time
of filing the objection, a brief setting forth the party's
arguments that the magistrate judge's recommendation should be
reviewed de novo and a different disposition made.  It is
insufficient to submit only a copy of the original brief
submitted to the magistrate judge, although a copy of the
original brief may be submitted or referred to and incorporated
into the brief in support of the objection.  Failure to submit a
brief in support of the objection may be deemed an abandonment
of the objection.

      A magistrate judge's recommendation cannot be appealed to a
Court of Appeals; only the district judge's order or judgment
can be appealed.

2.   Transcript (applicable where proceedings tape recorded).
Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the
magistrate finds that the tapes and original records in this
action are adequate for purposes of review.  Any party planning
to object to this recommendation, but unable to pay the fee for
a transcript, is advised that a judicial determination that
transcription is necessary is required before the United States
will pay the cost of the transcript.

**IN THE UNITED STATES DISTRICT COURT FOR**
**THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **JAMES G. RIGBY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | )   **CV-2011-373-KD-M** |
| | ) |
| **FIA CARD SERVICES, N.A., d/b/a** | ) |
| **BANK OF AMERICA** | ) |
| | ) |
| **Defendant.** | ) |

### PLAINTIFF'S OBJECTION TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

NOW COMES Plaintiff James G. Rigby, and pursuant to Local Rule 72.4, respectfully objects to the Report and Recommendation entered by the Magistrate Judge on November 21, 2011 (Doc. 30), in which it was recommended that the Motion to Dismiss filed by FIA Card Services, N.A., d/b/a Bank of America ("BOA") be granted. As grounds for his objection Plaintiff states that the Magistrate Judge erroneously concluded that the Complaint failed to adequately plead the existence of a "billing error" within the meaning of the Fair Credit Billing Act, 15 U.S.C. § 1666(a)("FCBA"). As further support for his objection Plaintiff has separately filed a supporting brief. In addition, Plaintiff incorporates by reference the arguments set forth in his Brief in Response to Motion to Dismiss (Doc. 16).

WHEREFORE, Plaintiff respectfully requests that this Court review said Report and Recommendation *de novo* and, upon such review, find that BOA's Motion to Dismiss is due to be denied.

s/ Kenneth J.Riemer
Kenneth J. Riemer
Attorney for Plaintiff
Underwood & Riemer, PC
166 Government Street Suite 100
Mobile, AL 36602
kjr@alaconsumerlaw.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 5, 2011, I electronically filed the foregoing with the Clerk of the Court using the AlaFile system, which will send electronic notification of such filing to all counsel of record.

s/ Kenneth J.Riemer
Kenneth J. Riemer

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| JAMES G. RIGBY, | : | |
|     Plaintiff, | : | |
| | : | |
| vs. | : | CIVIL ACTION NO. 11-00373-KD-M |
| | : | |
| FIA CARD SERVICES, N.A., d/b/a | : | |
| BANK OF AMERICA, | : | |
|     Defendant. | : | |

## ORDER

After due and proper consideration of all portions of this file deemed relevant to the issue raised, and a *de novo* determination of those portions of the Report and Recommendation to which objection is made, the Report and Recommendation of Magistrate Judge made under 28 U.S.C. § 636(b)(1)(B) and dated November 21, 2011, is hereby **ADOPTED** as the opinion of this Court. Accordingly, it is **ORDERED** that Defendant's Motion to Dismiss (Docs. 8,9) is **GRANTED** as follows: Count I is **dismissed with prejudice** since there is no billing error and therefore no violation of the FCBA; although Plaintiff voluntarily dismisses Count II without prejudice in his Response, Count II is **dismissed with prejudice;** Counts III and IV are **dismissed with prejudice** since Plaintiff fails to state a claim upon which relief may be granted.

**DONE** and **ORDERED** this the **21**st day of **December 2011.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **JAMES G. RIGBY,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **vs.** | : | **CIVIL ACTION NO. 11-00373-KD-M** |
| | : | |
| **FIA CARD SERVICES, N.A., d/b/a** | : | |
| **BANK OF AMERICA,** | : | |
| **Defendant.** | : | |

**JUDGMENT**

In conjunction with the Order issued on this date, it is **ORDERED, ADJUDGED**, and

**DECREED** that **JUDGMENT** is entered in favor of Defendant FIA Card Services, N.A., d/b/a

Bank of America.

**DONE** and **ORDERED** this the **21st** day of **December 2011.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JAMES G. RIGBY,                          )
                                         )
            Plaintiff,                   )
                                         )
vs.                                      )        CV-2011-373-KD-M
                                         )
FIA CARD SERVICES, N.A., d/b/a           )
BANK OF AMERICA                          )
                                         )
            Defendant.                   )

**NOTICE OF APPEAL**

Notice is hereby given that James Rigby, Plaintiff in the above named case, hereby appeals

to the United States Court of Appeals for the 11th Circuit from an order granting motion to dismiss

in favor of the defendant, FIA Card Services, (Doc. 32) and resulting Judgment entered in favor of

the Defendant (Doc. 33), both entered in this action on December 21, 2011.

DATED this the 3rd day of January, 2012.

                                    s/ Kenneth J.Riemer
                                    Kenneth J. Riemer
                                    Attorney for Plaintiff
                                    Underwood & Riemer, PC
                                    166 Government Street Suite 100
                                    Mobile, AL 36602
                                    kjr@alaconsumerlaw.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 3, 2012, I electronically filed the foregoing with
the Clerk of the Court using the CM/ECF system, which will send electronic notification of such
filing to all counsel of record.

                                    s/ Kenneth J.Riemer
                                    Kenneth J. Riemer