IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JAMES G. RIGBY,            ) | |
|     Plaintiff,                  ) | |
|                                  ) | |
| v.                                       ) | |
|                                  ) | Civil Action No. 11-00373-KD-M |
| FIA CARD SERVICES, N.A.,    ) | |
| d/b/a BANK OF AMERICA,       ) | |
|     Defendant.                  ) | |

**ORDER**

This matter is before the Court on Defendant's Rule 56(d) Motion (Doc. 71) and Plaintiff's Response thereto (Doc. 76). Upon consideration, and for the reasons set forth herein, the Defendant's motion is MOOT.

On April 26, 2013, Plaintiff filed his Motion for Partial Summary Judgment (Docs. 61, 70) regarding his *Fair Credit Billing Act* ("FCBA") claim against Defendant; namely, Plaintiff's claim as to how Defendant processed a disputed charge on his Bank of America VISA credit card, relating to a membership agreement that Plaintiff executed with non-parties Outrigger Travel Club and Grand Design Travel. On May 1, 2013, the Court entered a scheduling order whereby Defendant's response to the Motion for Partial Summary Judgment was due May 17, 2013, Plaintiff's Reply was due May 24, 2013, and the Motion was to be taken under submission on May 28, 2013. (Doc. 66)

Thus, Defendant was subject to this schedule when it filed the pending Rule 56(d) Motion on May 7, 2013. Defendant argues that the Court should deny Plaintiff's Motion as premature with leave to re-file after the close of discovery or defer ruling on the motion to allow Defendant sufficient time to conduct further discovery. Plaintiff argues that Defendant has not

1

shown that the additional discovery identified by the Defendant is relevant to the issues in Plaintiff's Motion.

However, on May 10, 2013, Defendant filed an "Unopposed Motion to Extend Deadline for Defendant to File its Response in Opposition to Plaintiff's Motion for Partial Summary Judgment." (Doc. 74)   Defendant explained that it deposed a corporate representative on May 8, 2013 and needed an additional 21 days to receive and review the deposition transcript before responding to Plaintiff's Motion. The Unopposed Motion was granted and the deadline for the response was extended to June 7, 2013, with the reply due June 14, 2013. The order also provided that Plaintiff's Motion would be taken under submission on June 17, 2013.

Rule 56(d) provides for the circumstance where facts are unavailable to the non-movant and gives the court discretion to deny the motion for summary judgment or defer consideration, to allow the non-movant "time to obtain affidavits or declarations or to take discovery" or to "issue any other appropriate order."  Fed. R. Civ. P. 56(d).  Now that the deadline for Defendant to respond to Plaintiff's Motion and the deadline for the Court to take the Motion under submission are both beyond the discovery deadline of May 31, 2013, the Defendant's Motion pursuant to Rule 56(d) is moot in that it now has the requested "time to obtain affidavits or declarations or to take discovery" and respond to Plaintiff's Motion.

**DONE** and **ORDERED** this the **24th** day of **May 2013.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**