IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JAMES G. RIGBY,            ) | |
|     Plaintiff,         ) | |
|                             ) | |
| v.                          ) | CIVIL ACTION NO. 11-00373-KD-M |
|                             ) | |
| FIA CARD SERVICES, N.A.,    ) | |
| d.b.a. BANK OF AMERICA,     ) | |
|     Defendant.         ) | |

**ORDER**

This action is before the Court on the Motion for Partial Summary Judgment (Doc. 61) and supporting documents (Doc. 70) filed by Plaintiff James G. Rigby ("Rigby") and the Motion for Summary Judgment (Doc. 83) and supporting documents (Docs. 84, 85, 87, 89) filed by Defendant FIA Card Services, N.A. d.b.a. Bank of America ("BOA"), along with the respective responses (Docs. 86, 93) and replies (Docs. 92, 96) thereto.  These motions have been filed pursuant to Federal Rule of Civil Procedure 56.  Both motions have been taken under submission and are ripe for adjudication.  Upon consideration, and for the reasons stated herein, the Court finds that Rigby's motion is due to be **DENIED** and that BOA's motion is due to be **GRANTED in part** and **DENIED in part**.

    **I.**    **Procedural History**

On July 12, 2011, Rigby commenced this action by filing a Complaint (Doc. 1) with the Court, asserting claims against BOA 1) for violations of the Fair Credit Billing Act, 15 U.S.C. § 1666 *et seq.* ("FCBA") (Count I), 2) for declaratory relief (Count II), and 3) for negligence (Count III) and wantonness (Count IV) under state law.  On December 21, 2011, the Court granted BOA's Motion to Dismiss (Doc. 8), dismissing all of Rigby's claims with prejudice. (Docs. 32-33).  Rigby appealed this ruling, and on September 19, 2012, the Court of Appeals for

the Eleventh Circuit reversed the Court's dismissal of Rigby's FCBA, negligence, and wantonness claims. (Docs. 39-40). Accordingly, the Court referred this action to the Magistrate Judge for entry of a scheduling order. (Doc. 41).[1]

BOA filed its Answer (Doc. 45) on November 14, 2012, denying any liability. On April 26, 2013, Rigby filed his motion for partial summary judgment, requesting summary judgment in his favor as to his FCBA claims in Count I of his Complaint. (Doc. 61). On June 21, 2013, BOA filed its motion for summary judgment, requesting summary judgment in its favor on all of Rigby's claims. (Doc. 83). Both pending motions were timely filed pursuant to the Court's scheduling order. (Doc. 44).

## II.   Standard of Review

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Rule 56(c) governs procedures and provides as follows:

> **(1) *Supporting Factual Positions.*** A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>   (A)  citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>   (B)  showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.
>
> **(2) *Objection That a Fact Is Not Supported by Admissible Evidence.*** A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.
>
> **(3) *Materials Not Cited.*** The court need consider only the cited materials, but it may consider other materials in the record.

---

[1] The Court finds that it has subject-matter jurisdiction over the FCBA claim pursuant to 28 U.S.C. § 1331 (federal question) and 15 U.S.C. § 1640(e), and over all other claims pursuant to 28 U.S.C. § 1367 (supplemental jurisdiction).

>**(4)** *Affidavits or Declarations.* An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

Fed. R. Civ. P. 56(c).

A party seeking summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). The mere existence of a factual dispute will not automatically necessitate denial; rather, only factual disputes that are material preclude entry of summary judgment. Lofton v. Sec'y of Dep't of Children & Family Servs., 358 F.3d 804, 809 (11th Cir. 2004).

If a non-moving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to summary judgment. Celotex, 477 U.S. at 323. In reviewing whether a non-moving party has met its burden, the Court must stop short of weighing the evidence and making credibility determinations of the truth of the matter. Instead, the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in its favor. Tipton v. Bergrohr GMBH-Siegen, 965 F.2d 994, 998-99 (11th Cir. 1992) (internal citations and quotations omitted).

" 'Cross-motions for summary judgment will not, in themselves, warrant the court in granting summary judgment unless one of the parties is entitled to judgment as a matter of law on facts that are not genuinely disputed . . . Nonetheless, cross-motions may be probative of the non-existence of a factual dispute when . . . they demonstrate a basic agreement concerning what

legal theories and material facts are dispositive.' " United States v. Oakley, 744 F.2d 1553, 1555-56 (11th Cir. 1984) (quoting Bricklayers Int'l Union, Local 15 v. Stuart Plastering Co., 512 F.2d 1017 (5th Cir. 1975)) (per curiam) (second ellipsis added).  See also Wermager v. Cormorant Twp. Bd., 716 F.2d 1211, 1214 (8th Cir. 1983) ("[T]he filing of cross motions for summary judgment does not necessarily indicate that there is no dispute as to a material fact, or have the effect of submitting the cause to a plenary determination on the merits.").

### III.     Analysis

#### A.     FCBA Claim

"In order to state a claim under § 1666[ of the FCBA], the plaintiff must allege: (1) the existence of a billing error; (2) plaintiff's timely notification of the billing error; and (3) failure of the card issuer to comply with the procedural requirements of Section 1666." Rigby v. FIA Card Servs., N.A., 490 F. App'x 230, 235 (11th Cir. 2012) (citing Beaumont v. Citibank (S.D.) N.A., No. 01 Civ. 3393, 2002 WL 483431, at *3 (S.D.N.Y. Mar. 28, 2002). The parties dispute whether a "billing error" actually occurred and whether BOA complied with the procedural requirements of the FCBA.  The parties do not dispute that Rigby's notification of a billing error was timely.  Upon consideration of the arguments and evidence submitted by both parties, the Court concludes that genuine issues of material fact exist regarding both disputed elements of Rigby's FCBA claim, including whether BOA conducted a "reasonable" investigation of Rigby's notice of a claimed billing error.  See infra.

"The [FCBA] defines a 'billing error' as, among other things, '[a] reflection on a statement of goods and services not accepted by the obligor or his designee or not delivered to the obligor or his designee in accordance with the agreement made at the time of the transaction.' " Id. at 234 (quoting § 1666(b)(3)).  The Eleventh Circuit previously determined that Rigby

4

sufficiently alleged a "billing error" based on both non-acceptance and non-delivery. Id. at 235. Rigby asserts both on summary judgment, and the Court finds genuine issues of material fact as to whether either type of billing error in fact occurred.

Deferring to the commentary on the FCBA's implementing regulations, the Eleventh Circuit noted that, "to the extent Rigby asserts a billing error based on nondelivery of the membership, the FCBA required BOA to 'conduct[ ] a reasonable investigation and determine[ ] that the [membership was] actually delivered ... as agreed,' before reinstituting the charge." Id. at 236 (quoting 12 C.F.R. § 226.13, Supp. I. cmt. 13(f)(3)(ii)). As to this requirement, the Eleventh then noted:

> Rigby does not dispute that BOA conducted an investigation of his claim, and resolved his claim within the statutory deadline. Instead, Rigby disputes the adequacy of that investigation. Specifically, Rigby alleges that he provided BOA with the August 3, 2010, letter, in which Outrigger acknowledged that it would be "impossible" for Rigby to use the membership. That fact renders plausible the claim that BOA failed to follow-up when presented with information that could have conclusively demonstrated non-delivery. Or, alternatively, the letter allows the reasonable inference that BOA's initial investigation, which led it to reinstate the charge on July 21, 2010, was inadequate. As a result, Rigby has pleaded facts that, taken as true, allow the reasonable inference that BOA's investigation was not "reasonable" and that BOA's disposition of the billing error claim did not rest on a determination that the club membership was "actually delivered." See 12 C.F.R. § 226.13, Supp. I. cmt. 13(f)(3)(ii).

Id. at 236-37.

The implementing regulation commentary does not contain specific procedures regarding a billing error based on non-acceptance. With regard to investigations of billing errors in general, the implementing regulation commentary states:

> A creditor must conduct a reasonable investigation before it determines that no billing error occurred or that a different billing error occurred from that asserted. In conducting its investigation of an allegation of a billing error, the creditor may reasonably request the consumer's cooperation. The creditor may not automatically deny a claim based solely on the consumer's failure or refusal to comply with a particular request, including providing an affidavit or filing a

>police report. However, if the creditor otherwise has no knowledge of facts confirming the billing error, the lack of information resulting from the consumer's failure or refusal to comply with a particular request may lead the creditor reasonably to terminate the investigation. The procedures involved in investigating alleged billing errors may differ depending on the billing error type.

12 C.F.R. § 226.13, Supp. I cmt. 13(f)(3) (effective Oct. 1, 2011).

As the Eleventh Circuit noted, "Rigby does not dispute that BOA conducted an investigation of his claim, and resolved his claim within the statutory deadline. Instead, Rigby disputes the adequacy of that investigation." Rigby, 490 F. App'x at 236. In reversing the Court's dismissal of Rigby's FCBA claim, the Eleventh Circuit stated that, even if his "alleg[ation] that he provided BOA with the August 3, 2010, letter, in which Outrigger acknowledged that it would be 'impossible' for Rigby to use the membership" was proven true, such a fact would only "render[] plausible" and "allow the reasonable inference that BOA's investigation was not 'reasonable' and that BOA's disposition of the billing error claim did not rest on a determination that the club membership was 'actually delivered.' " Id. at 236-37 (quoting 12 C.F.R. § 226.13, Supp. I. cmt. 13(f)(3)(ii)). No *per se* rule regarding what constitutes a "reasonable investigation" has been established as the law of the case, and the record evidence demonstrates a genuine issue of material fact as to whether BOA conducted a "reasonable investigation" of Rigby's alleged billing error under the FCBA.[2] Accordingly, both

---

[2] The Court has previously held that an investigation need not reach a correct determination in order to be considered "reasonable." See Pierce v. JP Morgan Chase Bank, N.A., Civ. A. No. 11-00102-KD-M, 2012 WL 3610776, at *6 (S.D. Ala. Aug. 21, 2012) (DuBose, J.), appeal dismissed (Dec. 20, 2012) ("As set forth in Burnstein v. Saks Fifth Ave. & Co., 208 F. Supp. 2d 765, 775 (E.D. Mich. 2002): '[t]he creditor need only make a reasonable attempt to construe the consumer's complaint, investigate the claim so construed, and report back to the consumer within 90 days as to the merit of this apparent claim. There is, in other words, no penalty for "wrong guesses" made in good faith; the federal statute establishes only the procedural framework for dispute resolution, and does not concern itself with the substantive outcome of this process.' Dillman suggests that because Chase's interpretation of the HELOC is incorrect, the investigation was not reasonable. Even assuming Chase was wrong, under the circumstances of this case, the Court finds that there is insufficient evidence from which a reasonable jury could find that Chase failed to comply with the [FCBA]'s procedural requirement (*i.e.,* that Chase failed to make a reasonable attempt to investigate her claim).").

motions for summary judgment are due to be **DENIED** as to Rigby's FCBA claim.

### B.   Negligence & Wantonness Claims

BOA has also moved for summary judgment on Rigby's negligence and wantonness claims.  The Eleventh Circuit has previously determined that Rigby's "statutory [FCBA ]claim meets the requirements for supporting a negligence per se claim under Alabama law . . ." Id. at 237 (citing Parker Bldg. Servs. Co. v. Lightsey, 925 So. 2d 927, 931 (Ala. 2005)).  Because Rigby's FCBA claim survives summary judgment, and because the Eleventh Circuit has already held that such a claim, if successful, would also constitute negligence *per se* under Alabama law, his negligence claim must also survive pursuant to the "law of the case" doctrine.[3]  See, e.g., This That And The Other Gift And Tobacco, Inc. v. Cobb Cnty., Ga., 439 F.3d 1275, 1283 (11th Cir. 2006) ("Under the 'law of the case' doctrine, the findings of fact and conclusions of law by an appellate court are generally binding in all subsequent proceedings in the same case in the trial court or on a later appeal. Furthermore, the law-of-the-case doctrine bars relitigation of issues that were decided either explicitly or by necessary implication." (citation and quotation omitted)).  Accordingly, BOA's motion for summary judgment is due to be **DENIED** as to Rigby's negligence claim.

The Eleventh Circuit also allowed Rigby's wantonness claim to survive the motion to

---

[3] Rigby does not allege a claim of negligence *per se* in his Complaint (Doc. 1).  At least one district court in Alabama has held that negligence *per se* must be pled separately from plain negligence in order to be asserted.  See Zatarain v. Swift Transp., Inc., 776 F. Supp. 2d 1282, 1292 n.9 (M.D. Ala. 2011) (Fuller, C.J.) (". . . Plaintiff argues that Blockett was negligent *per se.*  However, for a plaintiff to assert negligence *per se,* such a claim must be included in the complaint.  Thus, Plaintiff will not be permitted to present a negligence *per se* claim to the jury because Plaintiff's complaint makes no mention of negligence *per se* or the statute at issue and because she cannot amend her pleadings in opposition to a summary judgment motion." (citation omitted)).  However, because the Eleventh Circuit appears to have permitted Rigby to proceed on a theory of negligence *per se* without amending his pleadings, the Court will allow such a claim to be asserted pursuant to the "law of the case" doctrine.

dismiss, though without citing any Alabama law regarding wantonness. Rather, the Eleventh Circuit appeared to assume that wantonness survived merely because negligence survived. See Rigby, 490 F. App'x at 237 ("[B]ecause Rigby adequately pleaded the FCBA claim, and that statutory claim meets the requirements for supporting a negligence per se claim under Alabama law, we also conclude that Rigby alleged sufficient facts relating to his claims for negligence **and wantonness**." (citation omitted) (emphasis added)). In Alabama, wantonness "has been defined . . . as the conscious doing of some act or the omission of some duty while knowing of the existing conditions *and* being conscious that, from doing or omitting to do an act, injury will likely or probably result." Ex parte Essary, 992 So. 2d 5, 9 (Ala. 2007). "Wantonness is not merely a higher degree of culpability than negligence. Negligence and wantonness, plainly and simply, are qualitatively different tort concepts of actionable culpability. Implicit in wanton, willful, or reckless misconduct is an acting, with knowledge of danger, *or with consciousness, that the doing or not doing of some act will likely result in injury . . .*" Id. (quotations omitted).

BOA argues that it is due summary judgment on Rigby's wantonness claim because "he has absolutely no evidence demonstrating the heightened level of culpability required to support a wantonness claim." (Doc. 85 at 27). In response, Rigby appears to assert that a claim of "wantonness *per se*" has been established by the Eleventh Circuit in Rigby as the law of the case. (Doc. 93 at 24). The Court disagrees with this assertion and reads Rigby as merely summarily finding that Rigby had "alleged sufficient facts relating to his claim[] for . . . wantonness" such that it could survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). 490 F. App'x at 237. Proving facts is a quite different matter from alleging them. Also, while such a concept has received mention in Alabama case law,[4] the Court finds no authority indicating that

---

[4] See Martin v. Union Springs & N. Ry. Co., 163 Ala. 215, 217 (1909) ("[N]one of the derelictions so charged amount to wantonness per se, nor does the cumulative averment of all of them amount to a

wantonness *per se* is a cause of action in Alabama similar to negligence *per se* or suggesting what the elements of such a cause of action would be.  Because Rigby does not respond to BOA's assertion that there is no evidence to support a finding of wantonness, the Court considers that claim abandoned.[5]

## IV. Conclusion

In accordance with the foregoing analysis, it is **ORDERED** that Plaintiff Rigby's Motion for Partial Summary Judgment (Doc. 61) is **DENIED**, and that Defendant BOA's Motion for Summary Judgment (Doc. 83) is **GRANTED** as to Rigby's claim of wantonness in Count IV of the Complaint and is otherwise **DENIED**.

**DONE** and **ORDERED** this the **23rd** day of **September 2013.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

---

charge of wantonness."); Snider v. Alabama Great S. R. Co., 210 Ala. 119, 121 (1923) ("[T]he mere failure to observe the statutory requirement as to signals even at a populous place or crossing without more is not per se wantonness." (withdrawn on rehearing on other grounds)). Cf. Shawnee Terminal R.R. Co., Inc. v. J.E. Estes Wood Co., Inc., Civ. A. No. 09-0113-KD-N, 2011 WL 777922, at *2 n.4 (S.D. Ala. Feb. 9, 2011) (Nelson, M.J.), report and recommendation adopted sub nom., Shawnee Terminal R. Co., Inc. v. J.E. Estes Wood Co., Inc., 2011 WL 773237 (S.D. Ala. Feb. 25, 2011) ("Negligence [or wantonness] per se arises when the statute at issue creates a duty of care. Such a claim may be a valid means to prove breach of that standard of care as, for example, where the posted speed limit may be deemed to establish a bright line duty of care." (citing no Alabama law on issue)).

[5] See, e.g., Fischer v. Fed. Bureau of Prisons, 349 F. App'x 372, 375 n.2 (11th Cir. 2009) ("Fischer has waived any claim related to the blood clotting in his leg because he did not address that issue in response to Dr. Tidwell's motion for summary judgment."); Crayton v. Valued Servs. of Ala., LLC, 737 F. Supp. 2d 1320, 1331 (M.D. Ala. 2010) (". . . [T]he Court finds that Plaintiff has abandoned her non-termination retaliation claims due to her failure to address Defendant's arguments respecting these claims or otherwise provide support for them in her response to the motion for summary judgment." (citing cases)); Daniels v. City of Hartford, Ala., 645 F. Supp. 2d 1036, 1049 (M.D. Ala. 2009) ("To the extent there were claims against Sheriff Olsen in his official capacity asserted in the Amended Complaint that Plaintiffs have not explicitly abandoned, Plaintiffs have abandoned them because the response to the Motion for Summary Judgment failed to address these claims.").